# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KENNETH RUSSELL,**

    **Plaintiff,**

**v.**                                                **CASE NO.:**

**FORESTRY RESOURCES, LLC, D/B/A**
**THE MULCH AND SOIL COMPANY,**

    **Defendant.**

_____/

## COMPLAINT

**COMES NOW** Plaintiff, **KENNETH RUSSELL** ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint for damages against Defendant, **FORESTRY RESOURCES, LLC D/B/A THE MULCH AND SOIL COMPANY** ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, injunctive relief, and declaratory relief against Defendant to address deprivation of rights secured by 29 U.S.C. § 201 et seq., known as the "Fair Labor Standards Act" ("FLSA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Volusia County, Florida.

## THE PARTIES

4. At all material times hereto, Plaintiff was an individual working for Defendant in the State of Florida, Volusia County, Florida, and was an "employee" for Defendant under the FLSA.

5. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. At all material times hereto, Defendant was and remains a foreign corporation and transacted business and performed services in the State of Florida, Volusia County, Florida, and was the "employer" of Plaintiff under the FLSA. Defendant acts through its management, supervisors, owners, and agents.

## STATEMENT OF FACTS

8. Defendant operates a company that provides mulch and other materials throughout the State of Florida and otherwise.

9. In or around June 2018, Defendant purchased K&B Landscaping which is the company where Plaintiff was working at the time of the purchase and then Plaintiff became an employee of Defendant.

10. In or around December 2018, Defendant changed Plaintiff's position from being a "bag-line manager" to a being a grinder operator for which Plaintiff worked for Defendant as a grinder operator until August 2019.

11. During Plaintiff's tenure with Defendant working as a grinder operator, Defendant unlawfully misclassified Plaintiff as an exempt salaried employee.

12. During Plaintiff's tenure with Defendant working as a grinder operator, Defendant unlawfully violated the FLSA by knowingly and willfully failing to pay Plaintiff overtime for his hours worked above forty (40) hours per week.

13. Defendant's unlawful conduct in violation of the FLSA was willful.

14. As a direct and proximate cause of said acts of Defendant, its agents and or owners, Plaintiff has suffered and will continue to suffer severe financial and emotional damages.

## COUNT I - FLSA OVERTIME VIOLATION

15. Plaintiff restates and incorporates herein the allegations as set forth in paragraphs 1 through 14 above, as if fully set forth herein.

16. During the statutory period, Plaintiff worked overtime hours while employed by Defendant as a grinder operator, and Plaintiff was not compensated for all of these hours in accordance with the FLSA.

17. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

18. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court hold Defendant liable for the following relief:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)  An amount equal to Plaintiff's overtime damages as liquidated damages;

d)  To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)  A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)  All costs and attorney's fees incurred in prosecuting these claims; and

g)  For such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a jury trial on and for all issues so triable.

Dated this 15th day of April, 2020.

Respectfully submitted,

**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Direct: 813-379-2565
Main: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorney for Plaintiffs**

**and**

**SCOTT M. WEAVER**
Florida Bar Number: 573221
**THE WEAVER LAW FIRM, P.A.**
801 West Bay Drive, Suite 426
Largo, Florida 33770
Direct No. 727-316-5330
Facsímile: 727-499-7322
E-mail: scott@theweaverlawfirm.com
**Attorney for Plaintiff**